**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**Stanley J. SIEGWALD, Respondent.**

**KENTUCKY BAR ASSOCIATION,
Complainant,**

v.

**Stanley J. SIEGWALD, Respondent.**

**Stanley J. SIEGWALD, Movant,**

v.

**KENTUCKY BAR ASSOCIATION,
Respondent.**

Nos. 93–SC–594–KB, 93–SC–595–KB, 93–SC–688–KB.

Supreme Court of Kentucky.

Oct. 28, 1993.

Bruce K. Davis, Barbara S. Rea, Kentucky Bar Assn., Frankfort, for KBA.

Stanley J. Siegwald, pro se.

## OPINION AND ORDER

Stanley J. Siegwald has multiple disciplinary proceedings pending against him. He now moves for permission to withdraw from membership in the Kentucky Bar Association. The KBA has no objection to entry of an order accepting Siegwald's motion to resign, but requests this Court to accept his resignation under terms of disbarment with additional terms and conditions. The KBA further requests this Court to include in this order a brief recitation of the unethical and unprofessional conduct by Siegwald. Siegwald has not replied to the KBA's Response.

Siegwald has two disciplinary matters pending before this Court. In 93–SC–595 (KBA 3333), the unanswered charge alleges that Siegwald lacked the diligence required by SCR 3.130–1.3, made knowing misrepresentations of fact to his client in violation of SCR 3.130–8.3(c), and failed to communicate with his client as required by SCR 3.130–1.4(a). The Board of Governors unanimously recommended Siegwald be found guilty on all four counts of the charge and recommended a public reprimand. In 93–SC–594 (KBA 3569), the unanswered charge alleges that Siegwald violated SCR 3.130–1.1 by failing to prepare for a scheduled trial and violated SCR 3.130–3.4(c) by failing to abide by pretrial orders. The Board of Governors unanimously recommended Siegwald be found guilty on both counts of the charge and recommended nine months suspension. We adopt the KBA findings and recommendations in these matters, although the punishments imposed are now moot.

Two complaints against Siegwald are also pending before the Inquiry Tribunal. In one complaint, former clients allege serious misappropriation of settlement proceeds, forgery of their signatures on settlement drafts and documents, negotiation of settlement checks without the clients' knowledge, consent or authority, and neglect of other legal matters. The other complaint is one that the Inquiry Tribunal itself issued based upon Siegwald's indictment in the Jefferson Circuit Court for the felony offenses of theft by failure to make required disposition of property over $100, criminal possession of a forged instrument in the second degree, and theft by unlawful taking over $100 (all Class D felonies). The indictment and the Tribunal's complaint allege that Siegwald misappropriated funds belonging to yet another client by entering into a settlement agreement for $20,000 without her knowledge, consent or authority, and forged her name to settlement documents and drafts. Siegwald has pled guilty to the first two counts of the indictment.

Therefore, it is ordered that Stanley J. Siegwald's motion to resign from the Kentucky Bar Association is granted. It is further ordered that:

1. Siegwald shall not be permitted to engage in the practice of law, as defined by SCR 3.020, in the Commonwealth of Kentucky until such time as the Supreme Court of Kentucky enters an order reinstating his membership in the Kentucky Bar Association;

2. Siegwald shall not file an application for reinstatement for a period of five years

from the date for the entry of this order and shall not file an application for reinstatement following the five year period if there is any outstanding claim or judgment against him resulting from his practice of law prior to resignation, such claims and judgments shall include any from the Client's Security Fund of the Kentucky Bar Association;

3. Any application for reinstatement filed by Siegwald shall be governed by SCR 3.520, reinstatement in case of disbarment, or any subsequent amendment to SCR 3.520;

4. Siegwald shall promptly comply with the notice provisions within SCR 3.390; and

5. All disciplinary proceedings pending against Siegwald shall be terminated and, in accordance with SCR 3.450(1), he shall be responsible for the payment of the costs of the four disciplinary investigations and proceedings now pending against him.

All concur.

ENTERED: October 28, 1993.

/s/ Robert F. Stephens
Chief Justice